United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT F. THOMPSON, #01915514, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2726 |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se*, sent a letter to the Southern District of Texas complaining that the Internal Revenue Service ("IRS") failed to comply with the rights afforded him under *Scholl v. Mouchin*, C.A. No. 20-CV-5309 (N.D. Cal. Oct. 7, 2020).[1] The Court construed and docketed the letter as a complaint against the IRS.

Having screened the complaint pursuant to 28 U.S.C.§§ 1915(e)(2) and 1915A, the Court **DISMISSES** this lawsuit without prejudice for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff alleges that under *Scholl*, Congress was to allocate $10,000.00 payment checks[2] to prisoners for stimulus purposes. He complains that he received stimulus checks

---

[1] The Court believes that plaintiff is referring to *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. Sept. 24, 2020), and *Scholl v. Mnuchin*, 494 F. Supp.3d 661 (N.D. Cal. Oct. 14, 2020).

[2] The Court believes that plaintiff is referring to Economic Impact Payments ("EIPs") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020).

of only $1200.00 in 2021 and $600.00 in 2022. He asks the Court to enforce the *Scholl* decision and order the IRS to pay him the remaining $7,600.00 he claims he is owed. Because plaintiff seeks relief predicated on enforcement of his purported rights under *Scholl* and not for recovery under statutory or administrative law, the Court liberally construes this lawsuit as seeking mandamus relief.

## II. ANALYSIS

A.  Screening Standards

Plaintiff is an inmate proceeding *in forma pauperis* who seeks redress from a governmental entity. The Court is required by federal law to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

B.  *Scholl*

In *Scholl v. Mnuchin*, 494 F. Supp.3d 661 (N.D. Cal. Oct. 14, 2020), a Northern District of California federal district court enjoined the United States of America, the U.S. Department of Treasury, and the U.S. Internal Revenue Service from withholding EIP

benefits from individuals on the sole basis of their incarcerated status. On October 14, 2020, the district court entered the following permanent injunction:

> Defendants Steven Mnuchin, in his official capacity as the Secretary of the U.S. Department of Treasury; Charles Rettig, in his official capacity as U.S. Commissioner of Internal Revenue; the U.S. Department of the Treasury; the U.S. Internal Revenue Service; and the United States of America, are hereby enjoined from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status.

*Scholl*, 494 F. Supp.3d at 692–93. The district court entered a final judgment on January 21, 2021, expressly stating that it "retain[ed] jurisdiction over this matter for purposes of enforcing its October 14, 2020 permanent injunction[.]" *Scholl v. Mnuchin*, C.A. No. 20-CV-5309 (N.D. Cal., Docket Entry No. 184). On March 19, 2021, the district court ordered that, "due to a large volume of attempted filings from *pro se* inmates in this closed case," all further attempted filings would be sent to plaintiffs' class counsel of record for further review. *Id.*, Docket Entry No. 185.

Contrary to plaintiff's claim in the instant lawsuit, the district court in *Scholl* did *not* hold that prisoners were entitled to $10,000.00 in EIPs, nor did it order that all prisoners were eligible for EIPs. With respect to specific payments the district court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed . . . payments[.] It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the [CARES] Act.

*Scholl*, 494 F. Supp.3d at 691.

Thus, plaintiff is factually and legally incorrect in claiming that the holding in *Scholl* entitles him to an additional $7,600.00 EIP payment as a matter of right.

C.   Enforcement

*Scholl* was a class action lawsuit, and its holding applies only to the plaintiffs and class members in that lawsuit. Plaintiff here does not allege that he is a member of the prisoner class in *Scholl*, or that he was denied an EIP solely on the basis of his incarcerated status. The *Scholl* district court retained jurisdiction to enforce its permanent injunction. If plaintiff believes that he is a member of the *Scholl* prisoner class who was denied an EIP on the sole basis of his incarceration, he must pursue his claims through that court.

On the other hand, and to the extent plaintiff believes that he is not a member of the *Scholl* class, this Court remains without jurisdiction to enforce the district court's permanent injunction. The *Scholl* injunction expressly pertains to the rights of plaintiffs or class members in the lawsuit. If plaintiff is not a plaintiff or class member in that lawsuit, he is without standing to enforce the permanent injunction for his own benefit. That is, *Scholl* provides him no judicially enforceable rights unless he is a plaintiff or class member therein.

The federal mandamus statute, 28 U.S.C. § 1361, gives "district courts . . . original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain mandamus relief, "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available." *Jones v.*

*Alexander*, 609 F.2d 778, 781 (5th Cir. 1980); *see also Jones v. Bergami*, 2022 WL 3335777, at *1 (5th Cir. Aug. 12, 2022).

Plaintiff meets none of these requirements. As explained above, he has no right to judicial enforcement of the *Scholl* permanent injunction by this Court. Likewise, plaintiff does not show that the IRS has a clear duty to send him an additional $7,600.00 EIP under *Scholl*, or that he has no other adequate remedy available.

Consequently, plaintiff's claims for enforcement of the *Scholl* permanent injunction by this Court through a writ of mandamus against the IRS is **DENIED** without prejudice for want of jurisdiction. The Court dismisses the complaint without leave to amend because it is clear that no amount of amendment would provide subject matter jurisdiction for this Court to enforce the *Scholl* permanent injunction against the IRS in this case.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on      SEP 2 7 2022      .

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE